IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARTIN LYONS,<br>M19540, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ANGELA CRAIN, | ) | |
| PHILLIPA DEVENNEY, | ) | |
| CONNIE DOLCE, | ) | Case No. 26-91-DWD |
| TARA CHADDERTON, | ) | |
| TARA MCCOY, | ) | |
| ANTHONY WILLS, | ) | |
| JANE DOES 1-4, | ) | |
| JANE DOE 6 (LPN), | ) | |
| MICHAEL MOLDENHAUER, | ) | |
| ANGELA KENNER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Martin Lyons, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Menard Correctional Center (Menard), brings this civil rights action for alleged deprivations of his constitutional rights under 42 U.S.C. § 1983.  On April 17, 2026, the Court designated claims sufficient to proceed beyond initial review (Doc. 13) and it initiated service of process.  While service is ongoing, Plaintiff has now moved for a temporary restraining order or preliminary injunction alleging that he has been without his medication since May 20, 2026.  (Doc. 41).

## Background

The operative claims from the Amended Complaint are:

**Claim 1:**    **Claim against Defendants Wills, Crain, and Devenney, for maintaining a policy, custom or practice, of allowing medical prescriptions to lapse for 3 weeks or longer at a time without medical evaluation;**

**Claim 2:**    **Claim against Defendants Wills, Crain, and Devenney for maintaining a policy, custom, or practice requiring inmates to submit kites to seek medical care, but routinely not responding to kites;**

**Claim 3:**    **Claim against Defendants Wills, Crain, and Devenney for denying Plaintiff gabapentin/Neurontin due to the "emergency meds only" policy, custom, or practice, on numerous dates in May, June, July, August, September, and October of 2023;**

**Claim 4:**    **Eighth amendment deliberate indifference by Defendant Chadderton for failing to respond to Plaintiff's grievances about the emergency meds only issues;**

**Claim 5:**    **Eighth Amendment deliberate indifference clam against Defendant McCoy  for turning a blind eye to Plaintiff's complaints about his medication being provided in an "open and float" method;**

**Claim 6:**    **Eighth Amendment deliberate indifference claim against Defendants Crain, Devenney, Dolce, Chadderton, McCoy, Kenner, Jane Does 1-4, and Jane Doe 6 (LPN) for their roles in allowing Plaintiff's gabapentin/Neurontin to lapse between January 25-February 11, 2024; and January 9-February 25, 2026;**

**Claim 7:**    **Eighth Amendment deliberate indifference claim against Defendant Moldenhauer for decreasing Plaintiff's gabapentin/Neurontin prescription from 1800mg to 600mg in February of 2026.**

(Doc. 13 at 6-7). Of significance for the present motion, Claims 1, 2, and 6 concern Plaintiff's timely receipt of his gabapentin/Neurontin prescription, and his attempts to use kites to seek needed medical attention.

In the Motion for a Temporary Restraining Order or Preliminary Injunction (Doc. 41), Plaintiff alleges that after his filing of this lawsuit, Defendants Kenner, Dolce, Moldenhauer, Crain, and Devenney have stopped his medication for no reason and without a medical examination. He further alleges he has attempted to alert Jane Doe 2 to the upcoming lapse in his medication, and he has attempted to transmit kites but Jane Doe 2, Kenner, and non-party staff, have turned a blind eye and have destroyed his kites. He also alleges personal conversations with Kenner and a recent visit with Moldenhauer. He argues that there is no justification for the lapse in medication and implies that the current lapse may be retaliation associated with this lawsuit.

To seek a preliminary injunction, a plaintiff must establish: a likelihood of success on the merits of his claim; no adequate remedy at law; and irreparable harm without the injunctive relief. *See Mays v. Dart, 974 F.3d 810, 818 (7th Cir. 2020)*. As for the first requirement, the Court must determine whether "plaintiff has any likelihood of success—in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp., 311 F.3d 796, 804 (7th Cir. 2002)*. "A movant's likelihood of success on the merits must be strong." *Tully v. Okeson, 977 F.3d 608, 613 (7th Cir. 2020)*. While Plaintiff is not required to "show that [he] definitely will win the case…a mere possibility of success is not enough," and he must make "[a] strong showing that [he] is likely to succeed on the merits." *Ill. Republican Party v. Pritzker, 973 F.3d 760, 763 (7th Cir. 2020)*.

A strong showing typically entails a demonstration of how the applicant intends to prove key elements of his case. *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 762-63 (7th Cir. 2020); *Doe v. University of Southern Indiana*, 43 F.4th 784, 791-92 (7th Cir. 2022) (the court is not required to make inferences in the movant's favor when considering preliminary injunctive relief).

The Court must also decide whether an adequate remedy at law exists and whether the plaintiff will suffer irreparable harm without injunctive relief. Irreparable harm is harm which cannot be repaired. *Graham v. Med. Mut. Of Ohio*, 130 F.3d 293, 296 (7th Cir. 1998) ("Irreparable harm is harm which cannot be repaired, retrieved, put down again, atoned for. The injury must be of a particular nature, so that compensation in money cannot atone for it."). The Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). "This equitable balancing proceeds on a sliding-scale analysis; the greater the likelihood of success of the merits, the less heavily the balance of harms must tip in the moving party's favor." *Korte*, 735 F.3d at 665.

An injunction that seeks an affirmative act by the respondent is a mandatory preliminary injunction and should be sparingly issued. *Mays*, 974 F.3d at 818. If injunctive relief is warranted, the Prison Litigation Reform Act provides that the injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Injunctive relief must be related to issues in the underlying lawsuit. *See e.g.,*

*Tatum v. Hunter,* Case No. 22-2411 (S.D. Ill. 2023) (Doc. 16) (denying injunctive relief, including a request for a transfer, where the injunctive relief sought was not narrowly tailored and did not align with the claims in the case) *aff'd in Tatum v. Hunter*, Case No. 23-2253 (7th Cir. May 16, 2024); *Daniels v. Dumsdorff, et al.*, Case No. 19-cv-394 (S.D. Ill. 2019).

Here, Plaintiff's allegations in his motion align with Claims 1, 2, and 6 in this case and involve some of the same defendants named in those claims. However, Plaintiff's demand for relief is broader than just Claims 1, 2, or 6. Specifically he seeks that the Court hold a hearing and direct the defendants to: renew his medication, show cause about why his medication has lapsed, disclose medical records and MARS from January-June 2026, provide all communications between defendants and/or their attorneys about this matter, temporarily lift his medical hold and transfer him to a facility better suited for his medical needs, provide diagnostic testing to assess his nerve pain, and provide any reports or recommendations about the treatment of his neuropathy and carpal tunnel for the last six months. (Doc. 41 at 7). To the extent that Plaintiff seeks relief broader than the claims in this case, his requests are not appropriate. At this juncture, the only relief that the Court views as appropriately correlated with the claims is the demand that Plaintiff's medication be restored.

Plaintiff seeks a temporary restraining order, which generally only lasts 14 days. Fed. R. Civ. P. 65(b)(2). To qualify, he must set forth "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."

FED. R. CIV. P. 65(b)(1)(A).  Here, Plaintiff included his own affidavit and one from a fellow inmate attesting he recently has not had access to his medications and has vomited once or twice.  Though even a brief lapse in medications can sometimes sustain an Eighth Amendment claim, the Court does not find Plaintiff's allegation that he vomited once or twice in the last two weeks to be sufficient to warrant the sort of urgent relief afforded by Rule 65(b).  Furthermore, relief granted by a temporary restraining order would only last 14 days, and the Court presumes Plaintiff wants longer-term relief to ensure steady access to his medication.  As such, the Court denies Plaintiff's request for a temporary restraining order.

This leaves Plaintiff's request for a preliminary injunction directing a timely refill of his Neurontin/gabapentin prescription, that he alleges lapsed on May 20, 2026, and has not yet been refilled.  The Court finds it appropriate to direct a response from defendants on this very narrow issue.  The Warden of Menard has already been served in this matter in his/her official capacity to assist with John Doe identification, so the Warden shall now have 21 days to respond to Plaintiff's allegations in his motion about a current lapse in his gabapentin/Neurontin medication.

## DISPOSITION

Plaintiff's Motion for a Temporary Restraining Order or Preliminary Injunction (Doc. 41) is **DENIED** in part, and a ruling is **DEFERRED** in part.  Specifically, Plaintiff's request for a temporary restraining order is **DENIED**, and his request for all injunctive relief beyond the scope of Claims 1, 2, and 6 in this case is **DENIED**.  **The Defendants shall have 21 days to respond to Plaintiff's Motion solely as it pertains to preliminary**

**injunctive relief concerning an alleged lapse in his gabapentin/Neurontin medication from May 20, 2026-present**.  The Defendants shall respond via the Warden of Menard, who has already been served in this case for purposes of John Doe identification.

**IT IS SO ORDERED.**

Dated: June 8, 2026

Judge Dugan

Digitally signed by Judge Dugan
Date: 2026.06.08 22:57:51 -05'00'

DAVID W. DUGAN
United States District Judge