**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MARTIN LYONS,**<br>**M19540,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**ANGELA CRAIN,**<br>**PHILLIPA DEVENNEY,**<br>**CONNIE DOLCE,**<br>**TARA CHADDERTON,**<br>**TARA MCCOY,**<br>**ANTHONY WILLS,**<br>**JANE DOE 6 (LPN),**<br>**MICHAEL MOLDENHAUER,**<br>**ANGELA KENNER,**<br>**WARDEN OF MENARD,**<br>**JENNIFER BASLER (Jane Doe 1),**<br>**KATHERINE DOMINGUEZ (Jane Doe 2),**<br>**CRISTINA CARTER (Jane Doe 3),**<br>**LAKESHA HAMBY (Jane Doe 4),**<br><br>**Defendants.** | ) | **Case No. 26-91-DWD** |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Martin Lyons, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Menard Correctional Center (Menard), brings this civil rights action for alleged deprivations of his constitutional rights under 42 U.S.C. § 1983. On April 17, 2026, the Court designated seven claims sufficient to proceed beyond initial review (Doc. 13) and it initiated service of process. The claims in this lawsuit concern issues that Plaintiff alleges he has experienced in accessing prescription medications while detained, with a specific emphasis on Plaintiff's consistent access to Neurontin or gabapentin. The

matter is now before the Court on Plaintiff's Third Motion for a Preliminary Injunction wherein he alleges his medication has been renewed at a significantly reduced dose without medical justification.

While service was ongoing, Plaintiff moved for his temporary restraining order or preliminary injunction alleging that he had been without his medication since May 20, 2026. (Doc. 41). Though the Motion sought a wide variety of relief, the Court narrowed the scope solely to Plaintiff's allegation that he had been without his Neurontin/gabapentin since May 20, 2026, and it directed the Warden of Menard to respond to this assertion. (Doc. 42). The Warden responded with medical records indicating that the prescription had been renewed for a year at a dose of 900mg twice per day. (Doc. 54 at 2, Doc. 54-1 Dolce Decl. at ¶ 4B). The Court denied the motion as moot.

On September 14, 2026, Plaintiff filed a second motion for a preliminary injunction wherein he alleged that his medication had lapsed on August 29, 2026, and had yet to be refilled. (Doc. 80). The Warden responded with medical records indicating that the prescription was restored on September 15, 2026, and was renewed on September 23, 2026. (Doc. 90; Doc. 90-1 Dolce Declaration at ¶4B). The Court again denied the motion as moot in light of the renewal.

On October 27, 2026, Plaintiff filed his third motion for a preliminary injunction (Doc. 93) wherein he contends that although his prescription was restored in late September, it was restored at a reduced dose, with further reductions to come. He contends that this reduction was done despite the one-year prescription in June of 2026 from Dr. Devenney, and without any medical consultation with him. (Doc. 93 at 2). As

he stated in his complaint, Plaintiff requires this medication for neuropathy, nerve pain, and carpal tunnel. (Doc. 93 at 2-3). Plaintiff argues that on a reduced dose and without any medical assessment or plan of treatment he will continue to suffer serious pain for the duration of this lawsuit. He argues that the unilateral decision to reduce his prescription without a medical consultation was contrary to professional medical standards and thus he believes he is like to succeed on the merits of his claims. Plaintiff seeks a hearing, a medical justification for the sudden tapering of his medication, and a renewal of the prescription at 900mg/twice per day. (Doc. 93 at 4). In support of the motion, Plaintiff submitted an affidavit and nearly 100 pages of medical and grievance records. (Doc. 93 at 5-8; Doc. 93-1).

Given the repeat problems with consistent access to Plaintiff's medication, this matter shall now be set for a hearing on Plaintiff's Third Motion for a Preliminary Injunction. Defendants must be prepared to present evidence about why there have been lapses in Plaintiff's medication and why his dose has suddenly been reduced after he received a year-long prescription in June of 2026.

## DISPOSITION

Plaintiff's Third Motion for a Preliminary Injunction (Doc. 93) will be scheduled for a hearing by separate order.

**IT IS SO ORDERED.**

Dated: November 6, 2026

Judge Dugan

Digitally signed by Judge Dugan
Date: 2026.11.06 12:54:35 -06'00'

DAVID W. DUGAN
United States District Judge