IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MARTIN LYONS,**<br>**M19540,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**ANGELA CRAIN,**<br>**PHILLIPA DEVENNEY,**<br>**CONNIE DOLCE,**<br>**TARA CHADDERTON,**<br>**TARA MCCOY,**<br>**ANTHONY WILLS,**<br>**JANE DOE 6 (LPN),**<br>**MICHAEL MOLDENHAUER,**<br>**ANGELA KENNER,**<br>**WARDEN OF MENARD,**<br>**JENNIFER BASLER (Jane Doe 1),**<br>**KATHERINE DOMINGUEZ (Jane Doe 2),**<br>**CRISTINA CARTER (Jane Doe 3),**<br>**LAKESHA HAMBY (Jane Doe 4),**<br><br>**Defendants.** | ) | **Case No. 26-91-DWD** |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter is before the Court on a Motion to Dismiss filed by Defendant Christina Carter. (Doc. 92). The underlying lawsuit contains claims about Plaintiff Martin Lyons' confinement at Menard Correctional Center, brought under 42 U.S.C. § 1983. (Docs. 10, 13). The lawsuit generally concerns Plaintiff's ability to access prescription Neurontin/gabapentin for neuropathy, nerve pain, and carpal tunnel. Plaintiff alleged in the complaint that he was suffering severe physical withdrawal and pain without the medication. As to Defendant Christina Carter, who is named only in

Claim 6 as designated by the Court, Plaintiff faults Carter for failing to act when he repeatedly reported that his medication had lapsed without a refill from January 9, 2026-February 25, 2026. (Doc. 10 at 7-8).

## Background

Plaintiff alleges that he arrived at Menard in October of 2022 and within a few months he began to experience lapses in his prescription medications, including Neurontin/gabapentin. (Doc. 10 at 3-4). He alleges that without the Neurontin/gabapentin he experienced vomiting, migraines, confusion, and irritation. He missed two weeks' worth of medication in January of 2023, and missed many additional doses in May, June, and July of 2023. (*Id.* at 4). Plaintiff alleges that he takes these medications for neuropathy and carpal tunnel syndrome, and that without the medications he suffers extreme pain. (*Id.* at 5). He had additional missed doses in August, September, and October of 2023 and again in January and February of 2024. (*Id.* at 4-5).

Relevant specifically to defendant Carter, Plaintiff alleges that his medications expired on January 9, 2026, and were not replaced until February 25, 2026. He alleges that during this lapse he told Jane Does 1-4 on numerous occasions, or gave them kites, indicating his medication had lapsed and he was suffering physical withdrawal. (*Id.* at 7-8). Plaintiff supported his amended complaint with an affidavit from a fellow inmate attesting that the fellow inmate observed Plaintiff's symptoms of withdrawal. (*Id.* at 11).

## DISCUSSION

The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is to decide the adequacy of the complaint. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). The federal system of notice pleading requires only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). However, the allegations must be "more than labels and conclusions." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Twombly*, 550 U.S. at 555. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

District courts are required by the Court of Appeals for the Seventh Circuit to review the facts and arguments in Rule 12(b)(6) motions "in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged and drawing all possible inferences in [plaintiff's] favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson*, 910 F.2d at 1520. A complaint "should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set

of facts in support of his claim which would entitle him to relief." *Sanders v. Melvin*, 25 F.4th 475, 483 (7th Cir. 2022) (internal quotations and citations omitted). When reviewing a Rule 12(b)(6) motion to dismiss, the court is generally limited to the allegations within the four corners of the complaint, along with any exhibits attached to the complaint and any documents attached to the motion that are referenced in and central to plaintiff's claims. *See, e.g.*, *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). It is worth noting that the standard of review applicable to a motion to dismiss under 12(b)(6) is functionally equivalent to the standard that the Court applies when conducting an initial review of a prisoner's complaint under 28 U.S.C. § 1915A.

Defendant Carter first argues that Plaintiff cannot maintain a deliberate indifference claim against her because he did not identify a serious medical need, but this assertion misreads the complaint. Plaintiff clearly and unequivocally stated that he was prescribed Neurontin/gabapentin for neuropathy and carpal tunnel, and that without the medication he suffered extreme pain. These assertions are enough early in the case to suggest a serious condition. Second, Carter contends that Plaintiff complained to her of opiate withdrawal, which she then implies might be an indication of illegal drug use because Gabapentin is not an opiate. Again, this reads Plaintiff's complaint far too narrowly. Though he may have used the term opiate withdrawal to describe his symptoms, at other points in the complaint he described symptoms including vomiting, migraines, confusion, and irritation. Additionally, Plaintiff submitted an affidavit from a fellow inmate who attested that Plaintiff was vomiting after nearly every meal in February of 2026 without his gabapentin. These assertions are enough at this preliminary

juncture to establish that Plaintiff had a serious need for the medication, and the lack of the medication caused serious physical repercussions.

Third, Carter contends there are insufficient allegations to demonstrate that she personally knew of a serious risk and disregarded it. Carter centers her analysis on the premise that Plaintiff submitted a single kite of unknown contents, but again, this misreads the complaint. Plaintiff actually alleged that he spoke with *and* submitted countless kites to Carter and three other nurses during his medication outage from January 9-February 25, 2026. Carter cites *Perez v. Fenoglio*, and argues that an employee cannot be liable for a single piece of correspondence of unknown contents, but *Perez* also authorizes claims premised on multiple highly detailed pieces of correspondence. 792 F.3d 768, 781-82 (7th Cir. 2015). Plaintiff alleged he submitted numerous pieces of correspondence and that he also verbalized his issues to the nurses. This is a much different assertion than a vague claim that he had a single encounter with a provider. This Court routinely enforces *Perez* to demand specificity from plaintiffs premising claims on fleeting correspondence, but the facts alleged in this case simply do not justify that level of scrutiny at this early juncture in the case. Reading the complaint broadly in Plaintiff's favor, he alleged a multi-year long struggle to secure regular access to a prescription medication, that included voluminous written and verbal communication with any staff member that would listen, such as Carter. Against this backdrop, the assertions against Carter were deemed sufficient to proceed beyond § 1915A review and the Court is not persuaded that this determination should be unsettled based on Carter's analysis which reads the complaint in a limiting fashion.

Carter also tries to argue that Plaintiff either was improperly attempting to demand specific care in the form of gabapentin, or the single kite did not inform Carter that he needed something. These assertions are ridiculous. Reading Plaintiff's complaint broadly in his favor, the problem is not that he demanded specific care, the problem is that he was getting no care at all. While one or two missed doses of medication generally will not support a claim of deliberate indifference, the Seventh Circuit found in *Wynn v. Southward*, 251 F.3d 588, 594 (7th Cir. 2001) that an inmate had allegations sufficient to proceed where he claimed that prison officials failed to give him his heart medication for a longer duration, and did not respond to his complaints or written queries about his heart fluttering or the risk of heavy chest pains. Consistent with *Wynn*, who was allowed to proceed against two prison officials who received his verbal or written complaints about his heart medication, Plaintiff has said enough about his interactions with Carter to proceed at this early juncture.

Fourth, Carter argues Plaintiff cannot proceed against her because she is a nurse at the prison and does not have authority in this role to renew a prescription. The Seventh Circuit squarely rejected this line of argumentation in *Perez*, explaining that nurses may defer to instructions given by physicians, but they still have an independent duty to ensure inmates receive constitutionally adequate care. 792 F.3d at 779. A nurse confronted with an inappropriate practice may not defer and has a professional obligation to at least raise the issue up the chain. *Id.* Regardless of Carter's authority to directly remedy the problem, she may be liable for failing to raise Plaintiff's issue to any other medical official with authority to act.

## Disposition

Defendant Carter's Motion to Dismiss (Doc. 92) is **DENIED**. Defendant Carter must file an answer to the complaint within 30 days.

**IT IS SO ORDERED.**

Dated: November 6, 2026

Judge Dugan

Digitally signed by Judge Dugan
Date: 2026.11.06 13:09:00 -06'00'

DAVID W. DUGAN
United States District Judge