**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MARTIN LYONS,**<br>**M19540,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**ANGELA CRAIN,**<br>**PHILLIPA DEVENNEY,**<br>**CONNIE DOLCE,**<br>**TARA CHADDERTON,**<br>**TARA MCCOY,**<br>**ANTHONY WILLS,**<br>**JANE DOE 6 (LPN),**<br>**MICHAEL MOLDENHAUER,**<br>**ANGELA KENNER,**<br>**WARDEN OF MENARD,**<br>**JENNIFER BASLER (Jane Doe 1),**<br>**KATHERINE DOMINGUEZ (Jane Doe 2),**<br>**CRISTINA CARTER (Jane Doe 3),**<br>**LAKESHA HAMBY (Jane Doe 4),**<br><br>**Defendants.** | ) | **Case No. 26-91-DWD** |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Martin Lyons, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Menard Correctional Center (Menard), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Docs. 1, 10). Plaintiff alleges that the defendants have violated his rights by failing to provide treatment for multiple conditions. Upon initial review, the Court allowed Plaintiff to proceed on seven claims against many defendants, including Jane Does 1-4, and Jane Doe 6. (Doc. 13). A timeline was set for the parties to exchange information about the identity

of the Jane Does, and Plaintiff successfully substituted named Defendants for Jane Does 1-4. (Doc. 57). Plaintiff was provided additional time to identify Jane Doe 6, and he timely moved to substitute Boswell Pharmacy Services, Inc. for Jane Doe 6. (Doc. 78).

The operative claims from the Amended Complaint were previously designated by the Court as follows:

**Claim 1:** **Claim against Defendants Wills, Crain, and Devenney, for maintaining a policy, custom or practice, of allowing medical prescriptions to lapse for 3 weeks or longer at a time without medical evaluation;**

**Claim 2:** **Claim against Defendants Wills, Crain, and Devenney for maintaining a policy, custom, or practice requiring inmates to submit kites to seek medical care, but routinely not responding to kites;**

**Claim 3:** **Claim against Defendants Wills, Crain, and Devenney for denying Plaintiff gabapentin/Neurontin due to the "emergency meds only" policy, custom, or practice, on numerous dates in May, June, July, August, September, and October of 2023;**

**Claim 4:** **Eighth amendment deliberate indifference by Defendant Chadderton for failing to respond to Plaintiff's grievances about the emergency meds only issues;**

**Claim 5:** **Eighth Amendment deliberate indifference clam against Defendant McCoy for turning a blind eye to Plaintiff's complaints about his medication being provided in an "open and float" method;**

**Claim 6:** **Eighth Amendment deliberate indifference claim against Defendants Crain, Devenney, Dolce, Chadderton, McCoy, Kenner, Jane Does 1-4, and Jane Doe 6 (LPN) for their roles in allowing Plaintiff's gabapentin/Neurontin to lapse between January 25-February 11, 2024; and January 9-February 25, 2026;**

**Claim 7:** **Eighth Amendment deliberate indifference claim against Defendant Moldenhauer for decreasing Plaintiff's**

**gabapentin/Neurontin prescription from 1800mg to 600mg in February of 2026.**

(Doc. 13).

Plaintiff now seeks to replace Jane Doe 6, an individual named as responsible in Claim 6 with contributing to two medication lapses in 2024 and 2026. Plaintiff alleges that throughout the John Doe identification process, he learned that there was no RN/LPN position in existence that matched the role he believed Jane Doe 6 had played in his medication lapses. He indicates that he now believes Boswell Pharmacy Services, Inc., is the party responsible for medication distribution issues, and thus he seeks to substitute Boswell for Jane Doe 6.

The problem with the requested substitution is that Boswell is a corporate entity, and not an individual care provider. Boswell is a private corporation that cannot be held liable under § 1983 unless the alleged violation was caused by an unconstitutional policy or custom of the corporation itself. *Shields v. Ill. Dept. of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014); *see also* *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Thus, under *Monell*, for Plaintiff to recover from Boswell, he must show that the alleged constitutional violation was caused by: (1) an express policy that caused a constitutional deprivation when enforced; (2) a widespread practice that was so permanent and well-settled that it constituted a custom or practice; or (3) a person with final policymaking authority. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021). In other words, a plaintiff must show that "systemic and gross deficiencies in . . . [IDOC's] medical care system," caused his injury, and also that "a policymaker or official knew about these

deficiencies and failed to correct them." *Daniel v. Cook Cnty.*, 833 F.3d 728, 735 (7th Cir. 2016). Alternatively, a plaintiff must show that "the unlawful practice was so pervasive that acquiescence on the part of policymakers was apparent and amounted to a policy decision." *Dixon v. Cnty. of Cook*, 819 F.3d 343, 348 (7th Cir. 2016). The rigorous causation standard for *Monell* claims demands that an inmate establish a direct causal link between the challenged municipal action and the violation of his rights. *Dean*, 18 F.4th at 235.

There is no dispute that Plaintiff raised policy or practice theories in his amended complaint, but those theories were not clearly attached to Jane Doe 2, who at the time of the amended complaint was identified as an individual. Furthermore, the policy/practice claims were designated as Claims 1-3 in this suit, and claims against individuals were designated as Claims 4-7. Jane Doe 2 is named in Claim 5, a claim designated for individual responsibility. As such, substituting Boswell directly for Jane Doe 2 is not a good fit because the facts and law that would support a claim against Boswell are different from those that would have supported a claim against an individual nurse under the Eighth Amendment. For these reasons, the Court will deny Plaintiff's Motion to Substitute (Doc. 78) and it will now terminate Jane Doe 6 based on Plaintiff's concession that he could not locate an individual defendant who matched the allegations against this defendant. If Plaintiff wishes to further pursue a claim against Boswell, he will need to seek leave to amend his complaint to add a new claim against Boswell consistent with the standards described above.

## Disposition

Plaintiff's Motion to Substitute (Doc. 78) is **DENIED**. The Clerk of Court shall **TERMINATE** Jane Doe 6 because Plaintiff has been unable to identify a valid claim against this individual.

**IT IS SO ORDERED.**

Dated: November 6, 2026

Judge Dugan

Digitally signed by Judge Dugan
Date: 2026.11.06 13:00:19 -06'00'

DAVID W. DUGAN
United States District Judge